IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: JIMMY BOYD, #K68647,  )<br>  )<br>  Plaintiff.  )<br>  ) | Case No. 21-cv-00363-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jimmy Boyd, an inmate of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center, filed the instant lawsuit alleging that he suffered a serious allergic reaction to a COVID-19 vaccination that has not been properly treated or investigated. (Doc. 1). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.[1] 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

"A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. While *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Here, Plaintiff's filing violates basic pleading rules and is not an adequate Complaint as it does not contain a case caption identifying defendants or include a list of defendants. The Court cannot speculate as to who Plaintiff intends to file his lawsuit against. Further, without specific allegations against identified defendants, the document violates Federal Rule of Civil Procedure 8 which requires that a Complaint include a short, plain statement of the case against

---

[1] Plaintiff's Complaint does not indicate whether he is pursuing relief under 42 U.S.C. § 1983 or some other law. The Court has construed his Complaint as a Section 1983 action.

each defendant. FED.R.CIV.P. 8(a)(2). A plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, Rule 8(a)(3) requires "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8. Plaintiff did not specify what relief he seeks and against whom he seeks such relief.

Moreover, Plaintiff's allegations do not state a colorable constitutional claim cognizable via a § 1983 action. He alleges medical negligence and violations of Illinois state statutes, which are not a violation of the federal constitution. *See Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) ("violation of state laws is not itself the violation of the Constitution"); *Pasiewicz v. Lake Cty. Forest Preserve Dist.* 270 F.3d 520, 526 (7th Cir. 2001) ("federal government is not the enforcer of state law"). To the extent Plaintiff attempts to allege a First Amendment retaliation claim, as previously noted, he has not identified any defendant for that claim.

Plaintiff should also be aware that exhaustion of available administrative remedies is required before filing a lawsuit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-535 (7th Cir. 1999). Under The Prison Litigation Reform Act, a prisoner may not file a lawsuit over prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). No futility, sham, or substantial compliance exception exists to this requirement. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000).[2]

For the reasons stated, the Complaint fails to state a claim upon which relief can be granted

---

[2] Plaintiff states he is in the process of filing a grievance (Doc. 1, p. 7). This suggests he did not exhaust administrative remedies prior to filing this lawsuit.

and will be dismissed without prejudice. Plaintiff will, however, be granted leave to file a First Amended Complaint. Plaintiff is reminded that he is required to either pay the filing fee or file a motion requesting to proceed *in forma pauperis*. (Doc. 5).

Finally, Plaintiff seeks recruitment of counsel to assist him with his lawsuit. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655.

Plaintiff has not established indigence, nor has he demonstrated reasonable efforts to locate counsel on his own or a significant impediment to self-representation. Accordingly, the request is denied. If Plaintiff chooses to renew his request at a later date, he should submit rejection letters from at least 3 attorneys to show that he has made reasonable efforts to obtain counsel on his own.

## Disposition

Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's request for recruitment of counsel is **DENIED**. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **May 12, 2021**. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-cv-00363-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his

constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does (for example, John Doe # 1 did X and John Doe # 2 did Y). To enable Plaintiff to comply with this Order, the **Clerk of Court** is **DIRECTED** to mail Plaintiff a civil rights complaint form and an IFP motion form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

The full filing fee of $402.00 must be paid or a Motion for Leave to Proceed *In Forma*

*Pauperis* ("IFP motion") filed along with a certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action by **May 6, 2021**. (*See* Doc. 5). Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b). Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution and failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 12, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**